IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIMBERLY A. WELLNITZ,

                Plaintiff,

  v.                                                               ORDER

CAROLYN W. COLVIN,                               15-cv-90-jdp
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Kimberly A. Wellnitz seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Wellnitz's motion for summary judgment on March 4, 2016. For the reasons summarized here and stated more fully at the hearing, the court will remand this case to the Commissioner for further proceedings.

      Wellnitz suffers from Crohn's disease and inflammatory bowel disease. She had bowel resection surgery before her disability onset date, which resulted in symptoms of frequent, urgent diarrhea. She also suffers from back pain related to her other impairments. The ALJ determined that Wellnitz had the residual functional capacity (RFC) to perform sedentary work with additional limitations, including the option to be off task up to 10 percent of the day with regular breaks. R. 27.[1] Based on this RFC, the ALJ determined that Wellnitz could perform jobs in the economy and was thus not disabled. The Appeals Council added some

---

[1] Record citations are to the administrative record, Dkt. 6.

additional evidence to the record, but it denied Wellnitz's appeal. Wellnitz contends here that both the ALJ and the Appeals Council committed error that requires remand.

The Court agrees. The ALJ erred in assessing Wellnitz's credibility and in evaluating the medical opinions of her doctors. The Appeals Council erred by failing to clearly indicate which, if any, of Wellnitz's supplemental evidence was "new and material." The court concludes that some of Wellnitz's supplemental evidence is new and material, and that it must be considered on remand.

1. **Credibility**

The ALJ discredited Wellnitz's testimony regarding the intensity and limiting effects of her symptoms on the ground that it was inconsistent with the medical record and with her activities of daily living. R. 29. The ALJ also speculated that Wellnitz was motivated by personal reasons to leave the workforce and that she was motivated by financial pressure to apply for disability benefits. The ALJ is in the best position to determine Wellnitz's credibility, and that determination should be upheld unless it is patently wrong. *Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015).

The ALJ stated that Wellnitz's testimony at the hearing was inconsistent with the medical record, which the ALJ characterized as demonstrating that Wellnitz's Crohn's was under control. But "an individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." *Bjornson v. Astrue*, 671 F.3d 640, 646 (7th Cir. 2012) (quoting SSR 96-7p). Wellnitz contends that her symptoms are not related to her Crohn's, but are instead the consequences of her bowel resection surgery. The Commissioner is correct that Wellnitz's records prior to

2012 suggest that she was not suffering any serious gastro-intestinal symptoms. But Wellnitz points to later medical records that document her symptoms are related to her post-resection status, not her Crohn's disease. *See, e.g.*, R. 310, 328, 341, 414, 664, 714. The ALJ seems to have missed the distinction, and wrongly found that well-controlled Crohn's necessarily means that Wellnitz did not have serious problems with diarrhea.

The ALJ also cited inconsistencies between Wellnitz's testimony and her daily activities. Specifically, the ALJ cited Wellnitz's ability carry a 50-pound bin from the basement once. R. 28. From this lone anecdote, the ALJ concluded that Wellnitz was capable of performing medium exertional work activities. But that example was an isolated instance that apparently caused Wellnitz injury, undermining its demonstrative value. R. 570. It is also inconsistent with other evidence, including medical opinions that Wellnitz could never lift 50 pounds. R. 641, 650. Although the ALJ ultimately assigned Wellnitz an RFC for only sedentary work, the ALJ's discussion of the 50-pound bin incident suggests that the ALJ had over-estimated Wellnitz's physical capabilities in evaluating the credibility of her testimony.

The ALJ also mentioned Wellnitz's failure to get a colonoscopy as her doctors suggested, implying that her noncompliance with treatment recommendations diminished her credibility. R. 28-29. But, as the ALJ noted, Wellnitz did not follow up on the colonoscopy because she could not afford the treatment. The lack of treatment is therefore not an appropriate basis to discredit Wellnitz. *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) ("An inability to afford treatment is one reason that can 'provide insight into the individual's credibility.'" (quoting SSR 96-7p)).

Finally, the ALJ suggested that Wellnitz was improperly motivated to apply for benefits. R. 29. Specifically, the ALJ suggested that Wellnitz sought to relieve financial stress,

which is true for all claimants. She also suggested that Wellnitz chose to stay home after her second child was born. But the ALJ cited no support for that conclusion. Without more explanation, the observations about Wellnitz's motives offer no sound reason to discredit Wellnitz's credibility.

In sum, the ALJ's credibility determination was patently wrong and requires remand.

### 2. Medical Opinions

Wellnitz contends that the ALJ failed to adequately apply the factors of 20 C.F.R. § 404.1527(c) in weighing the opinions of her doctors: Lezlie Painovich, DO, Sigurdur Einarsson, MD, and Tina Byrnes-Pierce, DC. The court agrees. On remand, the ALJ should re-evaluate the evidence beginning in August 2012, when the treatment notes reflect increasing severity of Wellnitz's symptoms.

Dr. Painovich opined that Wellnitz could do sedentary work, and further limited Wellnitz to three hours of sitting and one hour of standing or walking in an eight-hour day. R. 649. The ALJ gave Dr. Painovich's recommendation for sedentary work "great weight," but disregarded her environmental and postural limitations because they were not consistent with "other substantial evidence" and were instead based on self-reports. R. 29. But the ALJ failed to identify specific evidence to demonstrate the perceived inconsistency. Actually, Dr. Painovich's medical records supported the postural limitations that she recommended and described Wellnitz's hip pain when walking or sitting in a chair. R. 664. There are also notes of sacroiliac joint dysfunction, R. 665, which are related to her Crohn's disease and which the ALJ considered to be a severe impairment, R. 26. Dr. Painovich's limitations are also supported by Wellnitz's physical therapy records, which document her joint pain. R. 674-77.

Because the ALJ's only cited reason for discrediting part of Dr. Painovich's opinion is itself unsupported, remand to re-evaluate the opinion is appropriate.

The ALJ failed to give Dr. Byrnes-Pierce's opinion any specific weight, instead discrediting it because Dr. Byrnes-Piece is a chiropractor and therefore not an acceptable medical source. R. 30; *see also Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014) ("For purposes of social security disability determinations, a chiropractor is not an acceptable medical source, cannot offer medical opinions, and is not considered a treating physician." (internal citations and quotation marks omitted)). However, opinions from non-acceptable medical sources must still be weighed using the § 1527(c) factors. SSR 06-03p. Here, the ALJ failed to apply any of the factors and simply disregarded the opinion. Wellnitz saw Dr. Byrnes-Piece more than 40 times, which would counsel giving some consideration of her opinions.

The ALJ also discredited Dr. Einarsson's opinion, but again failed to expressly indicate what weight the opinion was given. R. 30. Dr. Einarsson, Wellnitz's gastroenterologist, took over Wellnitz's care after her previous doctor retired. He submitted a one-page check-box opinion shortly after he began treating Wellnitz, opining that she "has ongoing diarrhea after surgery as well as back pain associated with Crohn's disease. At this point [she is] clearly not able to work fulltime." R. 689. The ALJ characterized the opinion as "conclusory" and relating to an issue reserved to the Commissioner. *See Collins v. Astrue*, 324 F. App'x 516, 520 (7th Cir. 2009). On remand, the ALJ should analyze Dr. Einarsson's opinion in the context of his treatment notes and other evidence, applying the § 1527(c) factors and supporting her conclusions with evidence from the record.

5

### 3. Appeals Council

Following the ALJ's decision, Wellnitz submitted additional evidence to the Appeals Council to review. Under 20 C.F.R. § 404.970(b), "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." The Appeals Council incorporated some, but not all, of the evidence into the record. R. 1-6. Specifically, the Appeals Council excluded evidence from Dr. Painovich, dated December 24, 2013, Dkt. 7-1, and decided that it was "about a later time" and therefore irrelevant to the question of Wellnitz's disability on or before December 11, 2013. R. 2.

The Appeals Council did not explicitly state whether any of the additional evidence was "new and material." This was error. *Stepp*, 795 F.3d at 723-24 ("[T]he fact that the Council noted that these records were not time-relevant says nothing about whether they were otherwise found to be new and material, and says even less about whether those records that were not mentioned . . . were deemed new and material."). The court cannot tell whether the Appeals Council deemed any of the evidence to be new and material. On remand, the Appeals Council should expressly state whether it regards any supplemental evidence as new and material when it explains its decision. (In this case, the issue will be moot if the Appeals Council remands the case for a new hearing that will allow the ALJ to consider new evidence.)

The question of whether the supplemental evidence was new and material is reviewed by this court de novo. *Stepp*, 795 F.3d at 725. The court concludes that at least some of the evidence was new and material. The December 24 record was new (because it post-dated the ALJ's December 11 decision), and it was material because it clarified the ALJ's misconception about the cause of Wellnitz's symptoms. Dr. Painovich explained that the resection surgery,

6

not her Crohn's disease, caused Wellnitz to suffer from bile salt diarrhea. Dkt. 7-1. The evidence also illuminated other apparent discrepancies in the medical record and it related back to the time period preceding the ALJ's decision. *See Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012) (identifying rejected evidence as new, material, and dating back to the relevant time period consistent with 20 C.F.R. § 404.970(b)).

Consideration of this new evidence could have produced a different outcome, and thus the court is not persuaded by the Commissioner's argument that any error by the Appeals Council was harmless.

Accordingly, the Appeals Council erred not only in failing to state whether the supplemental evidence was new and material, it erred in failing to remand the case for a new hearing in light of the new evidence.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Kimberly A. Wellnitz's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). Wellnitz is entitled rehearing, which will re-evaluate the evidence relating to the period from August 2012 to her date last insured.

The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered March 14, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge