IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIMBERLY A. WELLNITZ,

                 Plaintiff,

v.                                                                 ORDER

NANCY A. BERRYHILL,                                15-cv-90-jdp
    Acting Commissioner of Social Security,

                 Defendant.

---

On March 14, 2016, the court reversed and remanded the Commissioner's decision denying plaintiff Kimberly A. Wellnitz's application for disability benefits. Dkt. 14. The court awarded plaintiff's attorney fees in the amount of $6,726 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 17. On remand, the Administration awarded plaintiff $66,485 in past-due benefits. Dkt. 19-1, at 3. It also awarded plaintiff's two minor children $16,944 each in past-due benefits. *Id.* at 13, 19. It then approved payment of $6,000 in fees for plaintiff's attorney's representation at the administrative level. Dkt. 19-2.

Now plaintiff's attorney petitions the court for a representative fee award of $17,555.20, under 42 U.S.C. § 406(b). Plaintiff signed a contingent fee contract and agreed to pay her attorney "twenty-five percent . . . of the past-due benefits" awarded to her and her family. Dkt. 19-3, at 1. The Commissioner has indicated that she does not oppose the award.

Under § 406(b), the court may award a claimant's attorney a representative fee for his or her work before the court. This section of the Social Security Act provides that "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

Plaintiff's attorney must demonstrate that within the 25 percent cap, the requested fee is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

This court considers only the amount of time a plaintiff's attorney spent litigating the case before this court when evaluating a representative fee for reasonableness. This is the unusual case in which the requested fee is clearly reasonable in light of the work performed before the court. Plaintiff's attorney thoroughly briefed a well-reasoned motion for summary judgment and provided persuasive arguments in support of remand. And plaintiff's attorney obtained favorable results. The requested fee is the 25 percent authorized by the contingent fee contract, when considering the $6,000 already awarded by the Administration. (Actually, for reasons not apparent, the amounts withheld are slightly less than 25 percent of the total benefits.) And it is proportional to the amount of time and effort that plaintiff's attorney put into the case, as evidenced by the briefing filed with the court. The court will grant the unopposed petition for the requested attorney fee. *See Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 669 (N.D. Ill. 2004) (awarding the requested representative fee because "it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award").

As plaintiff's attorney acknowledges, this award requires plaintiff's attorney to return the previously awarded $6,726 EAJA fee award to plaintiff. When an attorney receives fees for the same work under both § 406(b) and the EAJA, the attorney must return the smaller fee to plaintiff; the EAJA fee award "offsets" the § 406(b) award. *Gisbrecht*, 535 U.S. at 796.

ORDER

IT IS ORDERED that plaintiff's attorney's unopposed petition for attorney fees under § 406(b), Dkt. 19, is GRANTED. The court approves the representative fee award of $17,555.20.

Entered August 18, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge